United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINGVISION PAY-PER-VIEW, LTD., <br><br> Plaintiff, <br><br> v. <br><br> JAMES A. DAILEY, et. al., <br><br> Defendant. | No. C 04-04074 WHA <br><br> **ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT AND VACATING HEARING** |

## INTRODUCTION

In this television-distribution rights case, defendant James Dailey moves to set aside the default entered against him in January 2005. This order **DENIES** defendant's motion.

## STATEMENT

On September 27, 2004, plaintiff KingVision Pay-Per-View, Ltd., filed this action under the Communications Act of 1934, as amended, 47 U.S.C. 605, *et seq.*, and the Cable and Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. 553, *et seq.* KingVision Pay-Per-View, Ltd., is an international distributor of sports and entertainment programming. Plaintiff procured the exclusive commercial television-distribution rights to the Felix Trinidad/Bernard Hopkins Championship Fight Program of September 29, 2001. As holder of the distribution rights to the program, plaintiff was authorized to enter into subsequent sub-licensing agreements with commercial establishments and sell the rights to publicly exhibit the program to these establishments' patrons. The complaint alleges that

1  James Dailey, operator of the Golden Bear Sports Bar, unlawfully intercepted and intentionally
2  broadcast the fight program at his establishment in violation of the plaintiff's distribution rights.
3  　　　　Plaintiff attempted to notify defendant of plaintiff's claims and to open settlement
4  discussions via certified mail in October 2001 and again in December 2001.  Plaintiff served
5  defendant with a copy of the summons and complaint on November 19, 2004.  Shortly after
6  service, Mr. Dailey telephoned plaintiff's counsel, Thomas P. Riley, to discuss the action.
7  According to Mr. Dailey, he called Mr. Riley to explain that he believed that his business
8  records would indicate that he "was not at fault in this action" and to request dismissal
9  (Dailey Decl. ¶ 6).  Mr. Dailey also asserts that because Mr. Riley agreed to continue
10 discussions on the matter, he believed that negotiations were ongoing, and would therefore not
11 be required to file an answer to the complaint.  Mr. Riley, however, claims that he specifically
12 reminded Mr. Dailey of his obligation to timely respond to the complaint, and that plaintiff
13 would move to prosecute the case to judgment without further notice or demand.  Mr. Dailey
14 and defendant had spoken several times over the years previous to this discussion to resolve
15 other signal piracy claims not related to the present action.
16 　　　　When defendant failed to timely answer, plaintiff moved for an entry of default.  The
17 Clerk entered default on January 7, 2005.  On February 23, 2005, defendant filed an ex parte
18 application seeking an order setting aside the entry of default.  The Court held that the matter
19 would not be heard on an ex parte basis and denied the motion without prejudice to defendant
20 seeking relief on a motion property noticed on the Court's regular law-and-motion calendar.
21 Defendant now moves to set aside the entry of default.

**ANALYSIS**

23 　　　　Plaintiff brings this motion pursuant to FRCP 60(b) on the grounds that the delay in
24 responding to the present action was a result of surprise and excusable neglect.  Since only an
25 entry of default rather than a default judgment has been granted in this action, the applicable
26 standard for review is FRCP 55(c).  Rule 55(c) provides that an entry of default may be set
27 aside upon a showing of good cause.

The standard for setting aside an entry of default under FRCP 55(c), however, is substantially similar to that for re-opening a default judgment under FRCP 60(b). While the factors considered are the same, they are more liberally interpreted when used on a motion for relief from an entry of default. *Hawaii Carpenter's Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). A court's discretion is "especially broad" when it is an entry of default rather than a default judgment that is being set aside. *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994). A district court must consider the following factors in exercising this discretion: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). These factors are disjunctive. *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000). In other words, the district court may uphold an entry of default if it finds that the plaintiff will be prejudiced, the defendant has no meritorious defense, *or* the defendant's conduct was culpable. Additionally, the burden is on the moving party to demonstrate that these factors favor it. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.2d 691, 696 (9th Cir. 2001).

Defendant's motion to set aside the default is denied. Although the defendant's conduct may by construed as excusable, defendant has failed to assert any facts to support a meritorious defense.

A defendant's conduct is culpable where "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id*. at 698. Defendant contends that based on his conversation with plaintiff's counsel, he believed that settlement negotiations were continuing. As plaintiff's counsel himself asserts, Mr. Riley and defendant had spoken many times over the years to resolve other signal piracy cases and claims on behalf of his clients (Riley Decl. ¶ 4). While defendant's failure to answer may be described as imprudent or even unreasonable, construed liberally, it does not support a finding of deliberate or willful bad faith. Defendant's conduct does not therefore qualify as culpable.

A party in default is required to make some showing of a meritorious defense as a prerequisite to vacating an entry of default. *Hawaii Carpenter's Trust Funds*, 794 F.2d at 513.

3

1  Defendant asserts that he is not at fault in the action and that he believes his business records
2  will support this assertion.  The defendant, however, does not present any evidence or provide
3  any affirmative defenses to the claims set forth in the complaint.  Although the burden is not
4  particularly heavy on a motion to set aside an entry of default, relief can not be granted without
5  at least some facts supporting the defendant's assertions.  To permit reopening of the case in the
6  absence of some showing of a meritorious defense would result in needless delay and expense.

## CONCLUSION

For the foregoing reasons, defendant's motion to set aside entry of default is **DENIED**. The hearing currently scheduled for this motion on June 23, 2005 is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: June 20, 2005.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE